**Jonathan P. Arfa, P.C.**
**Attorney–at–Law**
*A Professional Corporation*

*Practice Limited To Labor Relations*
  *& Employment Law*

2 Westchester Park Drive
White Plains, New York 10604
Tel:  914.694.1000
Fax: 914.694.1800

N.Y.C. Tel:  212.362.5800

jarfa@arfapc.com

April 4, 2016

<u>**Via ECF**</u>

Honorable Joanna Seybert
United States District Judge
United States District Court:
    Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Romero, Dinora v. Bestcare, Inc.,*
    *Bestcare Management, Inc. and Lawrence Wiener*
    <u>USDC:EDNY Case No.: 15 CV 07397_____</u>

Dear Judge Seybert:

  This firm is counsel for defendants in the above–referenced matter.  Defendants intend to make a pre-Answer Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) and submit this letter to request a pre-motion conference pursuant to Your Honor's Individual Motion Practice Rules.  The time to Answer or otherwise move or respond to the Complaint has not yet expired.

  Plaintiff, a home health aide, generally alleges in her First and Second Claims for Relief that she was not properly paid under the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for overtime hours worked by her while she was employed by defendant Bestcare and working as a home health aide at the Motherhouse of the Sisters of St. Dominic during the period from July 2012 to March, 2014.  Compl. at ¶¶ "3", "11".  The Motherhouse is owned and operated by St. Dominic as an on-site residential religious community and is located in Amityville, New York.

Honorable Joanna Seybert
United States District Judge
April 4, 2016
Page - 2 -

      Specifically, defendants seek to dismiss the First, Second and Third Claims For Relief pursuant to F.R.C.P. 12(b)(6) based upon the following grounds:

1.    As to the First Claim for Relief against all defendants under the FLSA on the grounds that plaintiff is exempt as a "companion" from the overtime wage payment provisions pursuant to 29 U.S.C. § 213(a)(15) and 29 C.F.R. ¶ 552.6; and

2.    In the event that the First Claim For Relief is not dismissed in its entirety, then dismissal of all claims for all periods prior to December 30, 2013 (2 years prior to filing of the Complaint herein as being barred by the applicable statute of limitations under the FLSA; and

3.    As to the Second Claim for Relief against all defendants under the NYLL on the grounds that documentary payroll records establish that plaintiff has been fully and properly paid for all overtime hours worked by her; and

4.    As to the Third Claim for Relief against all defendants under the NYLL on the grounds that plaintiff is not entitled to "spread of hours" pay as a matter of law.

                        Respectfully submitted,

                        */s/ Jonathan P. Arfa, Esq.*

                        Jonathan P. Arfa

cc:    Neil M. Frank, Esq. (via ECF and e-mail)
       Frank & Associates, P.C
       Attorneys for Plaintiff