UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DINORA ROMERO,

                       Plaintiff,

                       **REPORT & RECOMMENDATION**
              -against-                       CV 15-7397 (JS)(GRB)

BESTCARE, INC., BESTCARE MANAGEMENT, INC.,
and LAWRENCE WIENER,

                       Defendants.

----------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge**:

      Plaintiff Dinora Romero commenced this action, individually and on behalf of all others similarly situated, against Bestcare, Inc., Bestcare Management, Inc., and Lawrence Wiener (collectively "defendants"), alleging defendants violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 et. seq., and the New York Labor Law, Article 19, Section 650 et seq., and the regulations promulgated thereto. Pending before the undersigned on referral from the Honorable Joanna Seybert is defendants' motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and as limited by Judge Seybert. For the following reasons, the undersigned respectfully recommends that defendants' motion be DENIED.

## PROCEDURAL HISTORY

      Plaintiff commenced this action by the filing of a complaint on December 30, 2015. Docket Entry ("DE") 1. On May 24, 2016, Judge Seybert held a pre-motion conference, during which she set a schedule for the instant motion to dismiss, which was expressly limited to the

1

sole issue of whether plaintiff's employment took place in a private home, to wit: "whether plaintiff is exempt from the overtime wage payment provisions of the FLSA under the 'companion exemption.'"  Minute Entry dated 05/24/2016.  Further, Judge Seybert noted that "the parties agree that this issue turns on whether plaintiff's residence can properly be classified as a private home." *Id.*  Defendants filed the motion on July 20, 2016.  DE 18.  On October 13, 2016, Judge Seybert referred defendants' motion to the undersigned for report and recommendation.  Referral Order dated 10/13/2016.

## FACTS

The following facts are taken from the Complaint and are assumed to be true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The undersigned cites only those facts necessary for deciding this motion.

Plaintiff Dinora Romero worked as a caretaker at the Queen of the Rosary Motherhouse Complex (the "Motherhouse") from July 2012 through March 2014.  *See* DE 1, Compl. ("Compl.") ¶¶ 3, 11.  At the Motherhouse, plaintiff was responsible for "caring for the physical needs of infirm patients/residents of the facility, including assisting patients with their daily needs, including bathing, feeding, dressing, ambulating and transporting them for meals and designed activities." *Id.* ¶¶ 10, 12.  Plaintiff, paid hourly, worked six or seven days a week from 7:00 a.m. to 7:00 p.m.  *Id.* ¶¶ 10, 22.

Despite having worked in excess of seventy hours per week, plaintiff did not receive overtime pay as required by the FLSA for all hours worked in excess of forty hours per week, assuming that plaintiff was not exempt.  *Id.* ¶¶ 21-22.

**DISCUSSION**

**Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155, 157 (E.D.N.Y. 2015) (*citing Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 679 (*quoting Twombly*, 550 U.S. at 570). Nevertheless, in drafting its complaint, a plaintiff "need not anticipate or attempt to defuse potential defenses, and failure to do so is not grounds for dismissal." *Beaulieu v. Vermont*, No. 2:10-cv-00032, 2010 WL 3632460, at *3 (D. Vt. Aug. 5, 2010) (*citing Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *see Ibarzabal v. Morgan Stanley DW, Inc.*, 333 F. App'x 605, 606-07 (2d Cir. 2009). A court may grant dismissal based on an affirmative defense, however, "if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425-26 (2d Cir. 2008); *see Gomez v. Dynaserv Indus., Inc.*, No. 15 CV 3452, 2016 WL 6072371, at *1 (E.D.N.Y. Oct. 17, 2016) ("The exemption [under the FLSA] is an affirmative defense that may only form the basis for a Rule 12(b)(6) dismissal if it 'appears on the face of the complaint.'" (*quoting Pani v. Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998))); *Fox*

3

*v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, No. 08-CV-1686 (NGG)(RML), 2009 WL 1813230, at *2 (E.D.N.Y. June 25, 2009) (*quoting Staehr*, 546 F.3d at 426).

**Fair Labor Standards Act**

Section 207(a)(1) of the FLSA requires that employers pay an employee "at a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). At the same time, the FLSA exempts from this overtime requirement, "any employee employed in domestic service employment to provide companionship services for individuals . . . ." § 213(a)(15); *see Henry*, 86 F. Supp. 3d at 158. Pursuant to its authority under the FLSA, *see Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 165-76 (2007), the Department of Labor has defined domestic service employment as "services of a household nature performed by an employee in or about a *private home* . . . ." 29 C.F.R. § 552.3 (emphasis added). An agency's regulation "issued pursuant to statutory authority . . . 'ha[s] the force of law.'" *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 559 (2d Cir. 2012) (*quoting Freeman v. Nat'l Broad. Co.*, 80 F.3d 78, 82 (2d Cir. 1996)).

An employee's status as exempt under the FLSA is an affirmative defense. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013); *Gomez*, 2016 WL 6072371, at *1-2; *Henry*, 86 F. Supp. 3d at 158-59. The burden is accordingly on the employer to show that a plaintiff is exempt. *Dejesus*, 726 F.3d at 91 n.7; *Adams v. Dep't of Juvenile Justice*, 143 F.3d 61, 66 (2d Cir. 1998) (stating, in FLSA action, that "the appellants[-employers] bear the burden of proving that [appellees-employees] fall within an FLSA exemption"); *Fox*, 2009 WL 1813230, at *3 ("The employer bears the burden of invoking FLSA exemptions . . . ."). As the Second Circuit has made clear, FLSA exemptions "are narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakenly

4

within their terms and spirit." *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (*quoting Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)); *see Adams*, 143 F.3d at 65; *Reich v. State of N.Y.*, 3 F.3d 581, 586-87 (2d Cir. 1993) ("[C]onsistent with the remedial purposes of the FLSA, we do not give FLSA exemptions generous application."), *overruled on other grounds by Seminole Tribe v. Florida*, 517 U.S. 44 (1996).

**Application**

Defendants move for dismissal under Rule 12(b)(6) on the basis that plaintiff is exempt under the FLSA because he was employed at the Motherhouse, which defendants claim is a private home under 29 C.F.R. Section 552.3. This argument fails in the present procedural context.

Nothing in the allegations of the complaint serves to establish that the subject facility was a private home. Rather, in expounding the nature of his employment relationship with defendants, plaintiff simply, but sufficiently, alleges that he was an employee who did not receive overtime pay despite having performed non-exempt duties (which included "bathing, feeding, dressing, ambulating [etc.]") for more than forty hours every week at the Motherhouse. Compl. ¶¶ 10-12, 23. The complaint describes the Motherhouse as a "complex," Compl. ¶ 11, giving rise to a reasonable inference that the facility is something other than a private home.

Defendants rely extensively on materials outside the complaint to support their motion. *See, e.g.*, Jonathan P. Arfa Affirmation, Sister Marguerite Warren Affidavit, ECF No. 18-9 (detailing, *inter alia*, the nature of residency at the Motherhouse). Such reliance is inappropriate, however, as "[t]he Second Circuit has stated that 'when matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint or convert the motion to one for summary

5

judgment . . . ." *Fox*, 2009 WL 1813230, at *3 (*quoting Friedl v. City of New York*, 210 F.3d 79, 82 (2d Cir. 2000)); *see Terranova v. New York*, 144 F. App'x 143, 145-46 (2d Cir. 2005) (vacating grant of dismissal under Rule 12(b)(6) because the district court relied in part on facts asserted only in the parties' memoranda and "[i]t is well established that when materials outside the pleadings are offered upon a motion to dismiss, 'a district court should adhere strictly to the language of Federal Rule of Civil Procedure 12(b))'" (*quoting Kopec v. Coughlin*, 922 F.2d 152, 154 (2d Cir. 1991))). The parties have not requested conversion of the motion to summary judgment and the undersigned does not recommend conversion here. Thus, because the face of the complaint does not clearly establish defendants' right to an affirmative defense, the undersigned finds that dismissal under Rule 12(b)(6) is improper. *See Ibarzabal*, 333 F. App'x at 606-07 ("In general we do not require plaintiffs to anticipate affirmative defenses in formulating a complaint . . . ."); *Henry*, 86 F. Supp. 3d at 158-59 (*citing Dejesus*, 726 F.3d at 91 n.7); *see also Iowa Pub. Emps. Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010). Instead, the parties should proceed to discovery. *See Gomez*, 2016 WL 6072371, at *2; *Henry*, 86 F. Supp. 3d at 159; *Scott v. SSP Am., Inc.*, No. 09-CV-4399 (RRM)(VVP), 2011 WL 1204406, at *6 (E.D.N.Y. Mar. 29, 2011) ("The determination of whether an employee is exempt from the overtime requirements of the FLSA is a 'highly fact intensive inquiry that must be made on a case-by-by basis in light of the totality of the circumstances.'" (*quoting Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 908 (E.D. La. 2009))).

## CONCLUSION

For the forgoing reasons, the undersigned respectfully requests that defendants' motion to dismiss be DENIED.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
February 8, 2017

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge