```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DINORA ROMERO, on behalf of herself
and all others similarly situated,

                    Plaintiff,              MEMORANDUM & ORDER
                                            15-CV-7397(JS)(GRB)
        -against-

BESTCARE INC., BESTCARE MANAGEMENT,
INC., and LAWRENCE WIENER,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Neil Frank, Esq.
                    Anthony Vincent Merrill, Esq.
                    Frank & Associates, P.C.
                    500 Bi-County Boulevard, Suite 465
                    Farmingdale, NY 11735

For Defendants:     Jonathan Paul Arfa, Esq.
                    Jonathan P. Arfa, P.C.
                    2 Westchester Park Drive
                    West Harrison, NY 10604
```

SEYBERT, District Judge:

Plaintiff Dinora Romero ("Plaintiff") commenced this action against Bestcare, Inc., Bestcare Management, Inc. and Lawrence Wiener (collectively "Defendants") on December 30, 2015. (Compl., Docket Entry 1.) She alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and New York State Labor Law Article 19, § 650 et seq. ("NYSLL"). Currently pending before the Court are: (1) Defendants' motion to dismiss Plaintiff's FLSA claim for failure to state a claim (Defs.' Mot., Docket Entry 18) and (2) Magistrate Judge Gary R. Brown's

Report and Recommendation (the "R&R") recommending that the Court deny Defendants' motion (R&R, Docket Entry 24). Defendants filed objections to the R&R. (Obj., Docket Entry 26.) For the following reasons, Defendants' objections are OVERRULED, and the R&R is ADOPTED in its entirety. Defendants' motion to dismiss is DENIED.

BACKGROUND

I. Factual Background[1]

Defendants Bestcare Inc. and Bestcare Management, Inc. are New York corporations engaged in the home health care business. (Compl. ¶ 14.) Defendant Lawrence Wiener is the owner, operator, and chief executive officer of Bestcare Inc. and Bestcare Management, Inc.[2] (Compl. ¶¶ 16-17.)

Plaintiff was employed by Defendants from July 2012 to March 2014 and was paid on an hourly basis.[3] (Compl. ¶¶ 10-11.) She worked at the Queen of the Rosary Motherhouse Complex in Amityville, New York (the "Motherhouse"). (Compl. ¶ 11.)

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

[2] Plaintiff alleges that Bestcare, Inc. and Bestcare Management Company, Inc. are employers as defined by the FLSA and NYSLL. (Compl. ¶ 15.)

[3] Plaintiff alleges that she qualifies as an employee under the FLSA and NYSLL. (Compl. ¶ 10.)

2

Plaintiff alleges that she "performed non-exempt duties" including "caring for the physical needs of infirm patients/residents of the facility, . . . [and] assisting patients with their daily needs, including bathing, feeding, dressing, ambulating and transporting them for meals and designated activities." (Compl. ¶ 12.) Plaintiff alleges that while she was employed by Defendants, she regularly worked between seventy and eighty hours per week but was not paid overtime wages or spread of hours pay. (Compl. ¶¶ 22-23.) Specifically, she alleges that she worked from 7:00 a.m. to 7:00 p.m. six to seven days per week. (Compl. ¶ 22.) Plaintiff also alleges that Defendants failed to maintain accurate records and failed to reimburse her for the price of uniforms as required by statute. (Compl. ¶¶ 24-27.)

II. Procedural History

The Complaint was filed on December 30, 2015. (See, Compl.) Plaintiff asserts four causes of action: (1) to recover unpaid overtime wages under the FLSA, (Compl. ¶¶ 45-55); (2) to recover unpaid overtime wages under the NYSLL, (Compl. ¶¶ 56-61); (3) to recover spread of hours pay under the NYSLL, (Compl. ¶¶ 62-67); and (4) to recover the uniform allowance provided for by the NYSLL, (Compl. ¶¶ 68-71). On April 4, 2016, Defendants requested a pre-motion conference to discuss their anticipated motion to dismiss. (Defs.' Ltr., Docket Entry 15.) At the conference, the Court granted Defendants leave to move to dismiss Plaintiff's first

cause of action based on the FLSA's companionship exemption, which exempts certain employees from the overtime wage provisions of the FLSA. (Minute Order, Docket Entry 17.) The parties agreed that whether Plaintiff is exempt hinges on whether the Motherhouse is considered a private home under the applicable regulation, and Plaintiff agreed to voluntarily dismiss the case, including the three state law claims, if Defendants' motion was granted. (See, Minute Order.) On July 20, 2016, Defendants filed their motion to dismiss. (See, Defs.' Mot.) Plaintiff filed her opposition on August 22, 2016, and Defendants filed their reply on September 13, 2016. (Pl.'s Opp., Docket Entry 20; Defs.' Reply, Docket Entry 22.)

On October 13, 2016, the undersigned referred Defendants' motion to Judge Brown for a report and recommendation on whether the motion should be granted. (Referral Order, Docket Entry 23.) On February 8, 2017, Judge Brown recommended that the Court deny Defendants' motion. Defendants' filed objections to the R&R on February 28, 2017, and Plaintiff responded to Defendants' objections on March 16, 2017. (Obj.; Opp. to Obj., Docket Entry 28.)

THE R&R

Judge Brown concluded that Defendants' motion should be denied for several reasons. (R&R at 5-6.) First, Judge Brown determined that "[n]othing in the allegations of the [C]omplaint

serves to establish that the subject facility was a private home." (R&R at 5.) Judge Brown pointed out that in fact, the Complaint describes the Motherhouse as a "complex" leading to "a reasonable inference that the facility is something other than a private home." (R&R at 5.) <u>Second</u>, Judge Brown found that Defendants improperly relied on materials outside of the Complaint in their motion, including an Affidavit from Sister Marguerite Warren ("Warren Affidavit," Docket Entry 18-9). (R&R at 5.) Judge Brown considered whether conversion to a motion for summary judgment was appropriate but did not recommend conversion in this case. (R&R at 5-6.) Therefore, "because the face of the [C]omplaint d[id] not clearly establish [D]efendants' right to an affirmative defense," Judge Brown recommended that Defendants' motion be denied. (R&R at 6.)

DISCUSSION

I. <u>Legal Standard</u>

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. <u>See</u> FED. R. CIV. P. 72(b)(2). Upon

5

receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

II. The FLSA Companionship Exemption

Generally, the FLSA requires that an employee is paid overtime wages of one and a half times their regular pay rate for each hour worked in excess of forty hours (the "Overtime Provision"). 29 U.S.C. § 207(a)(1). However, "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves" are exempt from the Overtime

6

Provision. 29 U.S.C. § 213(a)(15); see also Cowell v. Utopia Home Care, Inc., 144 F. Supp. 3d 398, 402 (E.D.N.Y. 2015). The Department of Labor (the "DOL") promulgated a regulation that defines domestic service employment as "services of a household nature performed by an employee in or about a private home (permanent or temporary)." 29 C.F.R. § 552.3. The regulation also provides a non-exhaustive list of jobs that would be considered domestic services employment, which includes home health aides and personal care aides. 29 C.F.R. § 552.3. As discussed, whether Plaintiff falls within the exemption turns on whether the Motherhouse is considered a private home. "[B]ecause the FLSA is remedial in nature," this Court is required to construe the exemption narrowly and Defendants "bear[] the burden of proving that [Plaintiff] falls within the exemption." Henry v. Nannys for Grannys Inc., 86 F. Supp. 3d 155, 158 (E.D.N.Y. 2015) (quoting Reiseck v. Universal Comms. of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010)).

III. Defendants' Objections

Defendants argue that Judge Brown erred by refusing to consider several exhibits attached to their motion. (Obj. at 2.) They contend that they requested that Judge Brown take judicial notice of Exhibits B, C, D, E, F, and G (the "Exhibits") as "matters of public record" and that Judge Brown should have done so. (Obj. at 3-4.; see also Arfa Aff., Exs. B-G, Docket Entries 18-3-18-8.)

The Exhibits at issue are: (1) Ex. B, an excerpt from the Wikipedia page for the Motherhouse; (2) Ex. C, an excerpt from the CenterLight Healthcare PACE website[4]; (3) Ex. D, 29 C.F.R. 552.6, a regulation defining companionship services; (4) Ex. E, Fact Sheet # 79 titled "Private Homes and Domestic Service Employment under the Fair Labor Standards Act" authored by the DOL; (5) Ex. F, an excerpt of a final rule discussing the meaning of "private home," 78 Fed. Reg. 60,454; and (6) Ex. G, an opinion letter from the DOL regarding the companionship exemption. (Exs. B-G.)

Defendants argue that these "are exactly the type of public documents which are subject to judicial notice" and maintain that these exhibits demonstrate that the motion to dismiss should be granted. (Obj. at 5-7.) Plaintiff responds that taking judicial notice of these documents would be improper because the accuracy and authenticity of the Exhibits has not been established. (Opp. to Obj. at 3.) Alternatively, Plaintiff argues that even if the Exhibits were considered, Defendants' motion still fails because "the face of the Complaint does not clearly establish Defendants' right" to the companionship exemption. (Opp. to Obj. at 4-5.)

---

[4] CenterLight Healthcare, Inc. contracts with Defendants to provide home health services to sisters at the Motherhouse. (Defs.' Br. at 2.)

On a motion to dismiss, the court may consider documents attached to the complaint, documents incorporated into the complaint by reference and facts of which the court may take judicial notice. See Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech. Inc., 742 F.3d 42, 44, n.1 (2d Cir. 2014). Federal Rule of Evidence 201 provides that a court may, either sua sponte or at a party's request, "judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's jurisdiction or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1)-(2). If the court takes judicial notice of particular facts, the litigants are "deprive[d] . . . of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence", and as a result, "caution must be used in determining that a fact is beyond controversy under Rule 201(b)." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).

The Court finds that while it may take judicial notice of Exhibits D, E, F, and G[5], taking judicial notice of the facts

---

[5] Courts are permitted to take judicial notice of the contents of the Federal Register and the Code of Federal Regulations and guidance from administrative agencies. See In re Frito-Lay N. Am., Inc. All Natural Litig., No. 12-MD-2413, 2013 WL 4647512, at *4 (E.D.N.Y. Aug. 29, 2013). However, it is unclear if judicial notice of such materials is required as the facts

9

contained in Exhibits B and C is inappropriate. Exhibit B, the Wikipedia page for the Motherhouse, is surely not "a source whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Wikipedia articles can be revised by any internet user, and the information is not verified.[6] Additionally, even if the Court found Exhibit C, an excerpt from the CenterLight Healthcare, Inc. website, to be a "source whose accuracy cannot reasonably be questioned," the Court can only take notice that the website contains certain information--not that the information is true. See Braun v. United Recovery Sys., LP, 14 F. Supp. 3d 159, 169 (S.D.N.Y. 2014) ("[W]hile it is true that the Second Circuit, and several district courts in that Circuit, have found it appropriate to take judicial notice of the contents of a party's website, they have found it appropriate to do so for the fact of the website's publication, not for the truth of any matter asserted therein.") (internal quotation marks and citation omitted). Therefore, the

---

contained within these documents are legislative facts, not adjudicative facts covered by Rule 201. See In re Frito-Lay, 2013 WL 4647512, at *4, n.2 (noting that Rule 201 may not apply where facts sought to be noticed "would remain constant from case to case, regardless of the identities and actions of the parties").

[6] "Because anyone can click 'edit' at any time and add stuff in, any article may contain undetected misinformation, errors or vandalism." Wikipedia: About, https://en.wikipedia.org/wiki/Wikipedia:About (last accessed March 23, 2017).

10

Court declines to take judicial notice of the facts contained in Exhibits B and C.[7]

Although the Court can take judicial notice of Exhibits D, E, F, and G, Defendants' motion still fails.  These Exhibits do not establish that Plaintiff is an exempt employee, and neither does the Complaint.  See Gomez v. Dynaserv Indus., Inc., No. 15-CV-3452, 2016 WL 6072371, at *1 (E.D.N.Y. Oct. 17, 2016) ("The exemption is an affirmative defense that may only form the basis for a Rule 12(b)(6) dismissal if it appears on the face of the complaint.") (internal quotation marks and citation omitted); Henry, 86 F. Supp. 3d at 160 ("A court may . . . grant a motion to dismiss . . . where the Complaint contains allegations that unequivocally qualify an employee as exempt from the overtime provisions.") (internal quotation marks and citation omitted).  As Judge Brown pointed out, the Complaint alleges that Plaintiff "performed non-exempt duties . . . for more than forty hours every week at the Motherhouse" and "describes the Motherhouse as a 'complex.'"  (R&R at 5; Compl. ¶¶ 10-11.)  The additional facts relevant to the determination of whether the Motherhouse is a

---

[7] The Court notes that it also may not consider the Warren Affidavit (Docket Entry 18-9) or Plaintiff's Affidavit (Docket Entry 20-2) in connection with this motion.  See Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 37-38 (2d Cir. 1990) (discussing that district court's consideration of affidavits submitted by defendants in support of a 12(b)(6) motion was improper).

11

private home are not before this Court and must be established through discovery.[8]  See Henry, 86 F. Supp. 3d at 159 ("Whether Plaintiffs qualify as exempt is a matter to be fleshed out during discovery.").  Further, Plaintiff is not required to plead such facts in the Complaint to state a cause of action.  See Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 91, n.7 (2d Cir. 2013) ("[Plaintiff] . . . was not required to plead facts at this stage of the proceedings to support her position that she was a non-exempt employee . . . who falls outside of the FLSA's exemptions.").

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

---

[8] Defendants concede that they are not aware of any cases analyzing if a facility similar to the Motherhouse qualifies as a private home but refer to several factor tests articulated by courts in other circuits.  (See Defs.' Br., Docket Entry 18-10, at 5-8 (citing Welding v. Bios Corp., 353 F.3d 1214 (10th Cir. 2004); Terwilliger v. Home of Hope, Inc., 21 F. Supp. 2d 1294 (N.D. Ok. 1998)).)  However, the nature of these tests further support allowing the case to proceed to discovery because the Court cannot apply these tests absent a more complete factual record.  (See, e.g., Defs.' Br. at 8 (discussing factors such as funding, access to the facility, whether it operates on a for-profit or not-for-profit basis, and the organization's size).)

Accordingly, Defendants' objections are OVERRULED, and Defendants' motion to dismiss is DENIED.

CONCLUSION

For the foregoing reasons, Defendants' objections are OVERRULED, and the R&R is ADOPTED in its entirety. Defendants' motion to dismiss (Docket Entry 18) is DENIED, and the matter shall proceed to discovery.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __29__, 2017
       Central Islip, New York