UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

DINORA ROMERO,

                              Plaintiff,

                                                              **ORDER and REPORT &**
                                                              **RECOMMENDATION**
                     -against-                                CV 15-7397 (JS)(GRB)

BESTCARE, INC., BESTCARE MANAGEMENT, INC.,
and LAWRENCE WIENER,

                              Defendants.

--------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge**:

         Plaintiff Dinora Romero initiated this action against Bestcare, Inc., Bestcare

Management, Inc., and Lawrence Wiener (collectively, the "defendants"), asserting several

claims under the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL").

Through their amended answer, defendant/counterclaim plaintiff Bestcare[1] ("Bestcare") has

counterclaimed for breach of contract (the "Counterclaim"), alleging plaintiff/counterclaim

defendant ("plaintiff" or "Romero") violated the terms of a settlement agreement the two entered

into in an employment discrimination suit.  Plaintiff's motion to dismiss the Counterclaim is now

before the undersigned on referral from the Honorable Joanna Seybert for report and

recommendation.  Also pending before the undersigned is plaintiff's motion to amend the

complaint pursuant to Fed. R. Civ. P. ("Rule") 15 and 21.  Specifically, Romero seeks to add a

_____

[1] In their memorandum of law in opposition, Bestcare informs the Court that "[w]hile there are 3
separate defendants in this action, only defendant Bestcare, Inc. is . . . asserting the breach of
contract claim against plaintiff."  Defs.' Mem. in Opp'n at 1 n.1, DE 40.

retaliation claim under NYLL, stemming from the Counterclaim, and to add Rosa Padilla as a plaintiff.

Briefly, for the reasons set forth below, plaintiff's motion to amend is granted insofar as Romero may add a claim for retaliation under NYLL and Padilla may be added as a plaintiff asserting only her proposed state law claims. The undersigned respectfully recommends that the motion be otherwise denied without prejudice.[2] As to plaintiff's motion to dismiss, the undersigned respectfully recommends that the district court grant that motion as the Court lacks subject matter jurisdiction over the Counterclaim.

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on December 30, 2015. Docket Entry ("DE") 1. On July 20, 2016, defendants moved to dismiss the complaint pursuant to Rule 12(b)(6). DE 18. Once fully briefed, Judge Seybert referred defendants' motion to the undersigned for report and recommendation. DE 23. The undersigned recommended that defendants' motion be denied, *see* DE 24, which recommendation Judge Seybert adopted in its entirety by Order dated March 29, 2017. DE 29.

On April 11, 2017, defendants answered the complaint and counterclaimed for breach of contract. DE 30. Defendants filed an amended answer and counterclaim on April 19, 2017. DE 32. On June 16, 2017, plaintiff moved to (1) dismiss the Counterclaim and (2) amend the

---

[2] Where, as here, determination that an amendment should not be permitted is predicated upon futility, such decision is substantively claim dispositive and thus outside the purview of a magistrate judge's order. *See Lashley v. Sposato*, No. 13-CV-6343 (JMA)(SIL), 2016 WL 406351, at *1 n.1 (E.D.N.Y. Feb. 2, 2016); *Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007) (citing *HCC, Inc. v. RH & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999)).

complaint.  DE 37, 38.  The motions were fully briefed by July 31, 2017.  DE 37, 38, 40, 41.  On

October 12, 2017, Judge Seybert referred said motions to the undersigned.  DE 42.

## PLAINTIFF'S MOTION TO AMEND

Romero has moved to amend the complaint pursuant to Rule 15(a) to add a retaliation

claim under NYLL § 215.  Further, plaintiff moves to add Rosa Padilla as a plaintiff pursuant to

Rule 21, seeking recovery for alleged failure to pay overtime, spread of hours, uniform

allowance, and retaliation under the FLSA and/or NYLL.

*Allegations as to Plaintiff Romero*

Detailed below are only those allegations pertaining to the motion to amend.  These

allegations are taken from the Proposed Amended Complaint and matters of which the Court

may take judicial notice.  These allegations are assumed true for purposes of this motion only.

*See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

In June 2015, Romero, defendants' employee from approximately July 2012 through

March 2014, commenced against defendants, among others, a discrimination action captioned

*Romero v. Bestcare*.  Proposed Am. Compl. ¶¶ 14, 33, DE 37-4; *Romero v. Bestcare*, Docket No.

15-CV-3391 (JS)(GRB).[3]  The parties to that dispute reached a settlement agreement during a

conference before the undersigned on November 16, 2016.  Minute Entry dated Nov. 16, 2016,

Docket 15-CV-3391 (JS)(GRB).  On December 12, 2016, the parties memorialized the

settlement in a written agreement, which included a confidentiality provision.  Proposed Am.

Compl. ¶¶ 33-34.  Romero avers that "[i]n retaliation for filing this instant action, Defendants

---

[3] The Court may take judicial notice of filings in other court actions not for the truth of the
matters asserted therein but merely to note their existence.  *See Cabrera v. Schafer*, 178 F. Supp.
3d 69, 72-73 (E.D.N.Y 2016).

filed a Counterclaim alleging Plaintiff Romero breached the confidentiality provision of the

December 12, 2016 agreement." *Id.* at ¶ 34.  As a result, Romero seeks to add a claim for

retaliation under NYLL § 215.

    *Allegations as to Proposed Plaintiff Padilla*

    Padilla worked as a caretaker at the Queen of the Rosary Motherhouse Complex under

the defendants'[4] employ from sometime in January 2009 to April 2013.  Proposed Am. Compl.

¶¶ 3, 14.  Padilla's duties included "assisting patients with their daily needs, including bathing,

feeding, dressing, ambulating and transporting them for meals and designated activities."  *Id.* at ¶

15.  Defendants required that Padilla, without reimbursement, purchase, don and launder

uniforms that bore defendants' logo.  *Id.* at ¶¶ 29-31.

    Padilla, like Romero, allegedly worked twelve hours per day for six to seven days per

week.[5]  *Id.* at ¶ 25.  Accordingly, Padilla "regularly worked between (70) and eighty (80) hours

per week."  *Id.* at ¶ 27.  Padilla further alleges that she never received overtime and other

required wages under the FLSA and NYLL.  *Id.* at ¶¶ 25, 27.

    Finally, Padilla avers that on or about June 2, 2017, defendants learned that she had

retained counsel with the intent to join the instant lawsuit.  *Id.* at ¶ 36.  As a result, Padilla

alleges, defendants began a retaliatory campaign against her, including "hir[ing] an individual to

---

[4] According to the Proposed Amended Complaint, Bestcare and Bestcare Management, Inc. are "employers" as contemplated by Section 3(d) of the FLSA.  Proposed Am. Compl. ¶ 18. Defendant Wiener is a shareholder, as well as the owner, operator and chief executive officer of Bestcare and Bestcare Management, Inc.  *Id.* at ¶¶ 19-20.

[5] As an example, Padilla alleges that during the July 9, 2010 pay period, she "worked forty-four and a half (44 ½) hours but was only paid her normal rate of pay . . . for all hours worked." Proposed Am. Compl. ¶ 26.

follow her . . . while she performed her work." *Id.* at ¶¶ 37-38.  This caused Padilla stress and emotional harm.  *Id.* at ¶ 38.

## DISCUSSION

### I.  Romero's Motion to Add Retaliation Claim

*Standard of Review*

Rule 15 governs a party's motion to amend.  Fed. R. Civ. P. 15; *see Paulay v. John T Mather Mem'l Hosp.*, No. 14-CV-5613, 2016 WL 1445384, at *2 (E.D.N.Y. 2016).  It provides that in cases where, as here, a responsive pleading has been served, "a party may amend its pleading only with . . . the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15; *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 444-45 (E.D.N.Y. 2009).

District courts are to interpret Rule 15 liberally, and "leave to amend should be denied 'only for such reasons as undue delay, bad faith, futility of the amendment . . . and . . . the resulting prejudice to the opposing party.'"  *Portelos v. City of New York*, No. 12-CV-3141(RRM)(VMS), 2015 WL 5475494, at *2 (E.D.N.Y. Sept. 15, 2015) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2004)).  "An amendment is futile only if [a] plaintiff[] cannot demonstrate 'at least colorable grounds for relief.'"  *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 202 (E.D.N.Y. 2005) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commod. Inc.*, 748 F.2d 774, 783 (2d Cir. 1984)).  An amendment will be denied as futile "if the proposed claim could not withstand a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[6]  *Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 279 (E.D.N.Y. 2014) (internal quotation marks omitted) (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

*Retaliation under New York Labor Law Section 215*

Section 215 makes it unlawful for "[any] employer or his or her agent . . . or any other person . . . [to] retaliate against any employee . . . because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter."  N.Y. LABOR LAW § 215(1)(a).  Defendants challenge plaintiff's motion to add a retaliation claim under this provision on four grounds: (1) Romero failed to provide notice to the New York State Attorney General (the "State Attorney General") as required by Section 215; (2) Romero was not an employee at the time of the alleged retaliatory conduct, such that she does not have standing to maintain a retaliation claim; (3) the temporal proximity between the instant lawsuit[7] and the initiation of the Counterclaim is too attenuated to support a retaliation claim; and (4) Romero has failed to allege any adverse employment action.  *See* Defs.' Mem. in Opp'n at 8-9.

    a)   Notice to the State Attorney General

Subsection 2 of Section 215 states that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee."  N.Y. LABOR LAW § 215(1)(a).  Though this language appears mandatory, courts are divided as to

---

[6] The Court therefore accepts all factual allegations in the amended complaint as true and draws all reasonable inferences in favor of the plaintiff.  *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011).

[7] Defendant passingly suggests that the Proposed Amended Complaint does not clearly set forth whether the retaliation claim is based on the instant lawsuit or the earlier discrimination lawsuit discussed above.  Defs.' Mem. in Opp'n at 13.  A review of the Proposed Amended Complaint reveals, however, that it is the instant lawsuit that serves as the basis for plaintiff's proposed retaliation claim.

whether timely notice to the State Attorney General constitutes a condition precedent to any claim for retaliation.  *Compare Robledo v. No. 9 Parfume Leasehold*, No. 12 Civ. 3579(ALC)(DF), 2013 WL 1718917, at *8 (S.D.N.Y. Apr. 9, 2013) (noting the lack of "direct precedent" from the New York Court of Appeals and concluding that the "Court will not reject Plaintiff's NYLL retaliation claim on the basis of late notice to the State Attorney General"), *with Antolino v. Distribution Mgt. Consolidators Worldwide, LLC*, No. 101541/2011, 2011 WL 6148826, at *8 (Sup. Ct. N.Y. Cnty. Nov. 28, 2011) (dismissing plaintiff's NYLL retaliation claim after plaintiff notified the State Attorney General of action only after defendant had served its motion to dismiss).  Nevertheless, the balance of persuasive authority favors a finding that timely notice is not a condition precedent.  *See Quintanilla v. Suffolk Paving Corp.*, No. CV 09-5331(SJF)(AKT), 2011 WL 1323033, at *6 (E.D.N.Y. Feb. 10, 2011), *adopted by*, 2011 WL 1253248 (E.D.N.Y. Mar. 28, 2011); *Figura v. N. Country Janitorial, Inc.*, 37 N.Y.S.3d 697, 701-02 (Sup. Ct. Warren Cnty. 2016); *Aurelien v. Albert Augustine, Ltd.*, No. 102589/12, 2012 WL 6221085, at *1 (Sup. Ct. N.Y. Cnty. Nov. 14, 2012).  Those courts looked to the New York Court of Appeals' holding in *Columbia Gas of N.Y., Inc. v. N.Y.S. Elec. & Gas Corp.*, 268 N.E.2d 790 (N.Y. 1971), which discussed the notice requirements found in N.Y. Gen. Bus. Law § 340 ("GBL Section 340").  *See, e.g.*, *Robledo*, 2013 WL 1718917, at *8.  In *Columbia Gas*, the Court of Appeals concluded that notice to the State Attorney General was not required as a condition precedent to a claim under GBL Section 340.  *Columbia Gas*, 268 N.E. at 797. Because the language of Section 215 closely tracks GBL Section 340[8], the logical extension of

_____

[8] That provision reads in relevant part: "At or before the commencement of any civil action by a party other than the attorney-general for a violation of this section, notice thereof shall be served upon the attorney-general."  Gen. Bus. Law § 340.

*Columbia Gas* is that notice to the State Attorney General is not a condition precedent to a claim under Section 215.  *See Quintanilla*, 2011 WL 1323033, at *6; *Figura*, 37 N.Y.S.3d at 701-02.

At the same time, however, in many of those decisions the plaintiff had provided *late* notice to the State Attorney General.  *See, e.g.*, *Robledo*, 2013 WL 1718917, at *8 (noting plaintiff's concession that it belatedly notified the State Attorney General, but nonetheless refusing to "reject Plaintiff's NYLL retaliation claim on the basis of late notice to the State Attorney General").  Here, Romero has given no indication that she has supplied the State Attorney General with any notice of her proposed retaliation claim.  *See* Defs.' Mem. in Opp'n at 9-10.  Under similar circumstances, Judge Levy recommended that "plaintiffs' counsel be permitted to submit appropriate proof of service upon the State Attorney General within fourteen (14) days of th[e] Report and Recommendation."  *Gonsalez*, 2014 WL 2514704, at *8.  Accordingly, the undersigned directs plaintiff to notify the State Attorney General of her retaliation claim and file proof of such notice immediately thereafter.

      b)  Section 215's Application to Former Employers

Defendants next contend that plaintiff lacks standing because she must have been "an employee of defendants at the time the claimed retaliatory conduct took place" in order to bring a retaliation claim.  Defs.' Mem. in Opp'n at 10.  Yet most cases have found that Section 215 applies to current and *former* employers.  *See Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 508-10 (S.D.N.Y. 2013); *Liverpool v. Con-Way, Inc.*, No. 08-CV-4076 (JG)(JO), 2009 WL 1362965, at *10-12 (E.D.N.Y. May 15, 2009); *Kreinik v. Showbran Photo, Inc.*, No. 02Civ.1172(RMB)(DF), 2003 WL 22339268, at *8-9 (S.D.N.Y. Oct. 14, 2003) (finding plaintiff's proposed retaliation claim was not futile solely because defendant no longer employed plaintiff at the time defendant interposed its counterclaim against plaintiff); *see also Wigdor v.*

*SoulCycle LLC*, 33 N.Y.S.3d 30, 31 (App. Div. 1st Dep't 2016) (citing McKinney's Statutes § 76) ("Labor Law § 215(1)(a) . . . was clearly intended to provide employees with a cause of action against their current and former employers."). *But cf. Day v. Summit Sec. Servs. Inc.*, 38 N.Y.S.3d 390 (Sup. Ct. N.Y. Cnty. 2016) (finding plaintiff could not assert claim under Section 215 against his new employer based on adverse action that employer allegedly undertook in retaliation for complaints plaintiff made to the N.Y.C. Comptroller's Office about his former employer). As the court in *Oram* persuasively concluded, "[t]o leave a discharged employee without remedy for retaliation because of a failure to have complained during employment defeats the salutary purposes of § 215." *Id.* at 510. Romero's retaliation claim is therefore not futile solely because her employment with defendants ended before the alleged retaliatory action.

   c)   Adverse Action

   Defendants further contend that the Counterclaim cannot serve as the adverse action supporting plaintiff's proposed retaliation claim.[9] Defs.' Mem. in Opp'n at 11-12. It is mistaken.

   "In order to establish an adverse employment action, a plaintiff alleging retaliation must 'show that . . . the challenged action . . . well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"[10] *Torres v. Gristede's Operating Corp.*, 628

---

[9] That defendant took adverse action against plaintiff is a required element of a prima facie case for a claim of retaliation. *See Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011). On a motion to amend, a complaint alleging unlawful retaliation need not "plead every element of a prima facie case," but rather must meet the plausibility standard established by *Twombly* and *Iqbal*. *Wang v. Palmisano*, 157 F. Supp. 3d 306, 328-29 (S.D.N.Y. 2016) (collecting cases).

[10] The elements of a retaliation claim under NYLL and the FLSA are comparable. *Ozawa v. Orsini Design Assocs., Inc.*, No. 13-CV-1282 (JPO), 2015 WL 1055902, at *9 n.10 (S.D.N.Y.

F. Supp. 2d 447, 472 (S.D.N.Y. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548

U.S. 53, 68 (2006)); *see Ozawa v. Orsini Design Assocs., Inc.*, No. 13-CV-1282 (JPO), 2015 WL

1055902, at *9-10 (S.D.N.Y. Mar. 11, 2015) (citing *Torres*, 628 F. Supp. 2d at 471 n.19).  As to

whether a counterclaim may operate as adverse action, "[c]ourts have held that baseless claims

or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly

adverse retaliatory actions, even though they do not arise strictly in an employment context."

*Torres*, 628 F. Supp. 2d at 472-73 (citing *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 740

(1983)); *see Jian Zhong Li v. Oliver King Enters., Inc.*, No. 14-CV-9293 (VEC), 2015 WL

4643145, at *3-4 (S.D.N.Y. Aug. 4, 2015) ("Courts have held that instituting bad faith or

groundless counterclaims or instituting bad faith litigation against the employee constitutes

actionable retaliation."); *Ozawa*, 2015 WL 1055902, at *10 (noting that courts have permitted a

"baseless pleading" to serve as grounds for retaliation claim); *Flores v. Momma Lombardi's of

Holbrook, Inc.*, 942 F. Supp. 2d 274, 279 (E.D.N.Y. 2013) (finding that plaintiffs may amend

their complaint to include retaliation claim based on allegation that defendants' counterclaims

were "baseless"); *see also Bentivegna v. People's United Bank*, No. 2:14-cv-599, 2017 WL

4277149, at *3-4 (E.D.N.Y. Sept. 25, 2017) (finding, under Title VII, that there was a question

of fact as to whether defendant's imposition of a lawsuit against plaintiff was motivated, at least

---

Mar. 11, 2015) (citing *Eschmann v. White Plains Crane Serv., Inc.*, No 11 Civ.
5881(KAM)(VVP), 2014 WL 1224247, at *10 (E.D.N.Y. Mar. 24, 2014)); *Torres*, 628 F. Supp.
2d at 471 n.18 (S.D.N.Y. 2008) (citing *Perez v. Jasper Trading, Inc.*, No. 05 CV
1725(ILG)(VVP), 2007 WL 4441062, at *7 (E.D.N.Y. Dec. 17, 2007)).

in part, by retaliatory animus even though her employment was terminated prior to the lawsuit).[11]

Clearly, the filing of a baseless or frivolous lawsuit may constitute adverse action.

Here, the Proposed Amended Complaint states that "Defendants' sole purpose for filing [the] Counterclaim was to retaliate against Plaintiff Romero for filing this instant action." Proposed Am. Compl. at ¶ 35; *see id.* at ¶¶ 5, 85. Read liberally, *see Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017), this allegation can be reasonably interpreted as a complaint that the Counterclaim is baseless or would not have been pursued absent a retaliatory motive. Plaintiff should be afforded discovery as to whether Bestcare harbored any pretext in interposing the Counterclaim.

d) Temporal Proximity

Defendants' final argument, that plaintiff has not properly alleged a causal connection between plaintiff's protected activity and any adverse action, also misses the mark. "[A] causal connection between an adverse action and a plaintiff's protected activity may be established . . . by showing that the protected activity was closely followed in time by the adverse action." *Mullins*, 626 F.3d at 53 (internal quotations marks and citations omitted) (quoting *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991)); *see Torres*, 628 F. Supp. 2d at 473. "The Second Circuit 'has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of protected activity and an allegedly retaliatory act.'" *Aponte v. Modern Furniture Mfg. Co., LLC*, No. 14-

---

[11] In supporting its argument, defendants rely almost exclusively on *Kreinek v. Showbran Photo, Inc.*, which explained that "[f]or a counterclaim to be retaliatory . . . it must . . . have some impact on [the] plaintiff's employment or prospective employment." 2003 WL 22339268, at *7; *see* Defs.' Mem. in Opp'n at 12. *Kreinek*, however, was decided before the Supreme Court's decision in *Burlington Northern* expanded the universe of actionable retaliation.

CV-4813 (ADS) (AKT), 2016 WL 5372799, at *16 (E.D.N.Y. Sept. 26, 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015)).  However, "[a]n adverse action can be retaliatory in nature despite an extended time period between the adverse act and protected activity if the employer took action when it had the first opportunity to do so." *Pachecho v. Park S. Hotel, LLC*, No. 12 Civ. 9127(PAC), 2014 WL 292348, at *4-5 (S.D.N.Y. Jan. 27, 2014) (citing *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980)); *see Domenech v. N.Y.C. Emps.' Ret. Sys.*, No. 15-CV-2521 (ILG) (PK), 2016 WL 2644892, at *4 (E.D.N.Y. May 9, 2016) (citing *Grant v. United Fed'n of Teachers*, No. 12-cv-02149 (CBA)(VMS), 2014 WL 978444, at *13 (E.D.N.Y. Mar. 12, 2014)); *McKenzie v. Nicholson*, No. 08-CV-0773 (JFB)(AKT), 2009 WL 179253, at *5 n.5 (E.D.N.Y. Jan. 26, 2009) ("[T]he Second Circuit has determined that an adverse action could be retaliatory in nature despite a significant time lapse if the employer took action at the first opportunity to do so."); *Batyreva v. N.Y.C. Dep't of Educ.*, No. 07-cv-4544(PAC)(DF), 2008 WL 4344583, at *14 (S.D.N.Y. Sept. 18, 2008) (refusing to dismiss retaliation claim "although more than two years passed between Plaintiff's complaint to the SDHR and the alleged discrimination" as "Plaintiff also alleges that the time lapse was due to the complexity of the various procedural requirements that Defendant had to comply with in order to terminate her").

Defendants argue that "[i]t simply strains credulity that defendants asserted a Counterclaim against Romero because she filed a lawsuit . . . 2 years ago."  Defs.' Mem. in Opp'n at 13.  Yet it appears that defendants interposed the Counterclaim at "the first opportunity to do so."  *Pachecho*, 2014 WL 292348, at *4-5.  Because defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) on July 20, 2016, they were not required to file an answer until after the court ruled on that motion on March 29, 2017.  *See* DE 29.  Bestcare

counterclaimed 14 days later.  *See* DE 30.  Further, the alleged grounds for the Counterclaim,

that Romero breached a settlement agreement, did not arise until sometime in November or

December 2016, mere months before Bestcare counterclaimed.  Accordingly, plaintiff has

adequately pled a retaliation claim under NYLL.

**II.  Motion to Add Rosa Padilla as Plaintiff**

Plaintiff further seeks to add Padilla as a plaintiff under Rule 21, asserting identical

causes of action as Romero.[12]  *See generally* Proposed Am. Compl.  Defendants oppose this

portion of the motion on the grounds that Padilla's sole federal claim, which seeks recovery

under the FLSA's overtime provision, is barred by the statute of limitations, and that the Court

should decline to exercise supplemental jurisdiction over the state law claims.[13]  For the reasons

discussed below, the undersigned agrees that Padilla's proposed FLSA overtime claim is time-

barred, and therefore recommends that portion of the motion be denied.  However, the Court may

exercise supplemental jurisdiction over Padilla's proposed state law claims, and therefore grants

that portion of the motion seeking to add these claims.

*Padilla's Proposed Federal Overtime Claim*

As an initial matter, Padilla's proposed FLSA overtime claim plainly falls outside the

maximum three year limitations period as her employment with defendants ended in April

---

[12] As to the standard of review here, "[i]t is 'generally accepted . . . that no material difference exists between the standards articulated by Rules 15(a) and 21 . . . .'"  *State Farm Mut. Auto. Ins. Co. v. CPT Med. Srvs., P.C.*, 246 F.R.D. 143, 146 (E.D.N.Y. 2007) (quoting *Sanrio Co. v. Epic Trading, Inc.*, No.2004-5428(NG)(MDG), 2005 WL 1705746, at *1 (E.D.N.Y. July 21, 2005)).
[13] Arguments as to whether the proposed claim is timely under the relevant statute of limitations are evaluated under the futility test.  *See Hosking*, 602 F. Supp. 2d at 446.

2013.[14]  In fact, Padilla does not argue otherwise in her briefs.  Instead, she asserts that her

"federal claims should be tolled from the date of filing of this lawsuit."  Pl.'s Reply Mem. of

Law at 3 (quoting *Yahares v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL

844963, at *1 (E.D.N.Y. Mar. 8, 2011)).

      "'To qualify for equitable tolling, the plaintiff must establish that extraordinary

circumstances prevented her from filing her clam on time, and that she acted with reasonable

diligence throughout the period she seeks to toll.'"  *Parada v. Banco Industrial de Venezuela,

C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (quoting *Phillips v. Generations Family Health Ctr.*, 723

F.3d 144, 150 (2d Cir. 2013)).  As to the first factor, "[c]ourts have found extraordinary

circumstances to exist if an employee shows that it would have been impossible for a reasonably

prudent person to learn of the cause of action or if the defendant concealed from the plaintiff the

existence of the cause of action."  *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 269 (E.D.N.Y. 2008)

(internal citations omitted).

      Plaintiff's entire support for tolling Padilla's proposed federal overtime claim is provided

in two sentences: "Plaintiff's filing of this collective and class action lawsuit put Defendant on

notice of the pending collective and class action claims.  Courts have discretion to equitably toll

the limitations period in appropriate cases in order 'to avoid inequitable circumstances.'"  Pl.'s

Reply Mem. of Law at 3.  Neither the PAC nor plaintiff's memoranda contain any argument that

defendants have frustrated Padilla's attempt to bring her proposed claims.  There is no indication

---

[14] Under the FLSA, claims of unpaid overtime must be brought within two years of the date the claim accrued.  *See Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y. 2008) (citing 29 U.S.C. § 255).  In cases where the alleged violation was made willfully, the limitations period is extended to three years.  *Id.*

that Padilla had attempted to bring the FLSA claim within the statutory period but was otherwise unable.[15]  Simply put, Padilla has failed to present any evidence that would justify applying the "extraordinary" remedy she seeks.  Therefore, the undersigned recommends that the Court deny Padilla's proposed FLSA overtime claim.  To the extent Padilla may possess evidence that would support equitably tolling this claim, the undersigned recommends that she be given leave to renew the claim upon the submission of such evidence.

*Supplemental Jurisdiction over State Law Claims*

Finally, defendants argue that it "would be inappropriate" for the Court to exercise supplemental jurisdiction over Padilla's state law claims in the event the Court rejected the proposed federal claim.  *See* Defs.' Mem. in Opp'n at 15.  Plaintiff summarily counters that the Court should exercise jurisdiction over Padilla's state law claims "as they arise out of the same instances, occurrences, practices and policies as Plaintiff's and the prospective classes' claims." *See* Pl.'s Reply Mem. of Law at 3.

A federal court's supplemental jurisdiction is supplied by 28 U.S.C. § 1367.  It reads:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . .

---

[15] While arguments as to equitable tolling typically represent a factually intensive endeavor, *see, e.g.*, *Lama v. Malik*, 58 F. Supp. 3d 226, 233-35 (E.D.N.Y. 2014), where, as here, a plaintiff has offered absolutely no support—in a complaint or otherwise—to equitably toll the limitations period, courts have not hesitated in rejecting at the pleadings stage petitions to equitably toll plaintiffs' claims.  *See Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 375 (S.D.N.Y. 2012); *Ramirez*, 2007 WL 700831, at *1; *see also Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB)(RER), 2015 WL 3620364, at *5-6 (E.D.N.Y. June 9, 2015) (citing *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-CV-3725 (DC), 2010 WL 4159391, at *1 (S.D.N.Y. June 9, 2015)).

§ 1367(a).  Disputes form part of the "same case or controversy" under this provision "when they 'derive from a common nucleus of operative fact.'"  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991)).  "In determining whether two disputes arise from a 'common nucleus of operative fact,' [the Second Circuit has] traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . or the federal claim necessarily brought the facts underlying the state claim before the court.'"  *Achtman*, 464 F.3d at 335 (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).

Notably, the final sentence of § 1367(a) reads: "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  § 1367(a).  "While the pendent parties are usually defendants . . . , there is generally no reason to distinguish between plaintiffs and defendants when analyzing supplemental jurisdiction in federal question cases."  *Dunlop-McCullen v. Pascarella*, No. 97Civ.0195(PKL)(DFE), 2002 WL 31521012, at *10 (S.D.N.Y. Nov. 13, 2002) (citing *Arnold v. Quality Care Nursing Serv.*, 762 F. Supp. 1182, 1185 (M.D. Pa. 1991)); *see Jaquith v. Newhard*, No. 91 Civ. 7503 (PKL), 1993 WL 127212, at *16 (S.D.N.Y. Apr. 20, 1993) (citing *Arnold*, 762 F. Supp. at 1185) ("Based upon the authority of 28 U.S.C. § 1367, courts have held that the doctrine of supplemental jurisdiction includes pendent party plaintiffs . . . .").  A pendent party plaintiff is one who has asserted a claim "over which there is no independent basis of federal jurisdiction but who seeks to bring that claim in federal court because another plaintiff asserts a claim against the same defendant over which there is federal jurisdiction and both claims derive from a common nucleus of operative fact."  *Jaquith*, 1993 WL 127212, at *16 (internal quotation marks omitted); *see Lopes v. Heso, Inc.*, No. 16 CV 6796 (MKB)(RML), 2017 WL 4863084, at *4 (E.D.N.Y. Oct. 27, 2017).

Once satisfied that the "same case or controversy" test under § 1367(a) has been met,[16]

the court's next inquiry is whether to apply any of § 1367(c)'s four enumerated justifications for

declining jurisdiction.  *See* 28 U.S.C. § 1367(c); *Artis v. District of Columbia*, __ S. Ct. __, No.

16-460, 2018 WL 491524, at *4 (2018); *Pierre v. Planet Auto. Inc.*, No. 13-CV-675 (MKB)(JO),

2015 WL 5793319 (E.D.N.Y. Sept. 30, 2015).  Under § 1367(c),

> The district courts may decline to exercise supplemental jurisdiction over a claim
> under subsection (a) if (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the
> district court has original jurisdiction, (3) the district court has dismissed all claims
> over which it has original jurisdiction, or (4) in exceptional circumstances, there
> are other compelling reasons for declining jurisdiction.

§ 1367(c); *see Artis*, 2018 WL 491524, at *4.  However, even if one these factors applies, "a

district court should not decline to exercise supplemental jurisdiction unless it also determines

that doing so would not promote . . . economy, convenience, fairness, and comity."  *Jones v.

Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citing *United Mine Workers of Am. v.

Gibbs*, 383 U.S. 715, 726 (1966)); *see Pierre*, 2015 WL 5793319, at *3 (internal quotations and

alterations omitted).

Here, Romero's federal claim and Padilla's proposed state law claims derive from a

common nucleus of operative fact, and the Court may therefore exercise supplemental

jurisdiction over such claims.  With the exception of Padilla's retaliation claim, all of her

proposed state law claims share a common bond with Romero's in that they derive from

defendants' wage payment and reimbursement policies.  Padilla alleges that she, like Romero,

worked twelve hour shi fts, totaling more than seventy to eighty hours per week, without

---

[16] The party invoking subject matter jurisdiction has the burden of establishing its existence.  *See
Sobel*, 25 F. Supp. 3d at 352-53 (quoting *MacPherson v. State St. Bank & Trust Co.*, 452 F.
Supp. 2d 133, 136 (E.D.N.Y. 2006)).

overtime pay.  The Proposed Amended Complaint further avers that Romero and Padilla both were non-exempt employees who shared identical job responsibilities.  As Judge Levy recently recognized in *Lopes*, "[a] number of courts have . . . maintained jurisdiction over plaintiffs with exclusively NYLL claims in combined FLSA/NYLL actions."  2017 WL 4863084, at *4 (collecting cases).

Finally, none of the provisions of § 1367(c) precludes this Court from exercising jurisdiction.  Subsection (3) clearly is inapplicable given the presence of Romero's FLSA overtime claim, and there are no claims that raise novel or complex issues or any other exceptional circumstances.  Therefore, plaintiff's motion to amend the complaint to add Padilla's NYLL claims is granted.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that Plaintiff's motion to amend the complaint to add a NYLL retaliation claim as to Romero and to add Padilla's claims under NYLL is granted.  The undersigned respectfully recommends that Plaintiff's motion to amend the complaint to add Padilla's claim under the FLSA be denied with leave to renew.[17]

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM

Plaintiff has also moved to dismiss the Counterclaim pursuant to Rule 12(b)(6).  For the reasons set forth below, the undersigned respectfully recommends that motion be granted.

---

[17] Counsel should carefully consider whether sufficient facts can be alleged to support equitable tolling before attempting to renew this motion.

## **BACKGROUND**

The following is taken from the amended answer and documents of which the Court may take judicial notice. These allegations are assumed true for purposes of this motion only. *See ATSI Commc'ns, Inc.*, 493 F.3d at 98.

On June 11, 2015, plaintiff, a former Bestcare employee, initiated an employment discrimination action against Bestcare, among others, pursuant to Title VII of the Civil Rights Act of 1964 and New York State law. *See* Am. Answer at ¶¶ 1-4, DE 32; Docket 15-CV-3391 (JS)(GRB). The parties settled that matter at a conference before the undersigned on November 16, 2016. *See* Am. Answer ¶ 5; Minute Entry dated Nov. 16, 2016, Docket 15-cv-3391 (JS)(GRB). At the conclusion of the conference, each of the parties acknowledged and assented to the terms of the settlement on the record. Am. Answer ¶¶ 6-7; Minute Entry dated Nov. 16, 2016, Docket 15-cv-3391 (JS)(GRB). In particular, plaintiff agreed to keep the terms thereof confidential. Am. Answer ¶¶ 6-7.

On December 12, 2016, the parties memorialized the settlement in a fully-executed agreement (the "Agreement"), which included both a confidentiality provision and a non-disparagement provision. *Id.* at ¶¶ 9-11. Bestcare avers that it satisfied its obligation under the Agreement by paying plaintiff $18,000. *Id.* at ¶¶ 12-13. Bestcare further alleges, upon information and belief, that plaintiff

> improperly disclosed . . . the fact and terms of the settlement including, but not limited to one or more of the financial terms thereof, to other Bestcare employees . . . located on-site at the Sisters of St. Dominic of Amityville, New York, and to other individuals also working on-site who were employed by entities other than Bestcare.

*Id.* at ¶ 14.  According to Bestcare, plaintiff also violated the non-disparagement provision.  *Id.* at ¶ 15.

As a result of plaintiff's alleged breach, Bestcare claims that "[it] is entitled to judgment against Romero requiring her to disgorge the fraudulently obtained settlement monies."  *Id.* at ¶ 17.

**DISCUSSION**

Plaintiff devotes much of its motion to arguing that Bestcare has failed to properly state a claim for breach of contract.  *See* Pl.'s Mem. of Law at 4-6.  It also contends, however, that the Counterclaim is permissive and must be dismissed.[18]  *Id.* at 6-7.  In its opposition, Bestcare claims that while it believes the Counterclaim is compulsory under Rule 13, the Court has jurisdiction over the claim no matter its label.  *See* Defs.' Mem. of Law in Opp'n at 6-7.  A lack of subject matter jurisdiction over the Counterclaim obviates the need to address the pleading's plausibility, and the court must address that issue first.  *See Saleh v. Holder*, 84 F. Supp. 3d 135, 137-38 (E.D.N.Y. 2014) (citing *Sherman v. Black*, 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007)).

*Standard of Review*

Rule 12(b)(6) authorizes a party to move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A motion to dismiss a counterclaim for failure to state a claim is evaluated using the same standard as a motion to dismiss a complaint."  *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 203 (S.D.N.Y. 2015)

---

[18] Though absent from plaintiff's memoranda is any mention of the term "jurisdiction," the undersigned presumes plaintiff's reference to the permissive nature of the Counterclaim is intended to serve as an attack on this Court's subject matter jurisdiction.  In any event, the court has a continuing and independent obligation to evaluate the proper exercise of subject matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 700-01.

(citing *Crye Precision LLC v. Duro Textiles, LLC*, No. 15 Civ. 1681(DLC), 2015 WL 3751658, at *9 (S.D.N.Y. June 16, 2014)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When evaluating the existence *vel non* of subject matter jurisdiction, "a district court . . . must take all uncontroverted facts in the complaint as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Pearl River Union Free Sch. Dist. v. Duncan*, 56 F. Supp. 3d 339, 351-52 (S.D.N.Y. 2015) (internal quotation marks and alterations omitted) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).  The party invoking subject matter jurisdiction has the burden of establishing such by a preponderance of the evidence.  *See Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352-53 (E.D.N.Y. 2014).

*Nature of the Counterclaim*

Rule 13 provides for compulsory and permissive counterclaims.  *See* Fed. R. Civ. P. 13; *Jones*, 358 F.3d at 209.  The Second Circuit has explained that:

> Whether a counterclaim is compulsory or permissive turns on whether the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and this Circuit has long considered this standard met when there is a "logical relationship" between the counterclaim and the main claim.  *See United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979).  Although the "logical relationship" test does not require "an absolute identity of factual backgrounds," *id.* (internal citation omitted), the "'essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'"  *Critical-Vac*, 233 F.3d at 699 (emphasis omitted) (quoting *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)); *see also Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978); *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213, 216 (2d Cir. 1955).

*Jones*, 358 F.3d at 209; *see Ginther v. Provident Life & Cas. Ins. Co.*, 350 F. App'x 494, 496 (2d

Cir. 2009) (citing *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d

Cir. 2000)).  "Courts consider the following factors when deciding whether a counterclaim is

compulsory or permissive: '(1) identity of facts between the original claim and counterclaim; (2)

mutuality of proof; (3) logical relationship between original claim and counterclaim.'"

*D'Jamoos v. Griffith*, 368 F. Supp. 2d 200, 204 (E.D.N.Y. 2005) (quoting *Mirkin, Barre,*

*Saltzstein, Gordon, Hermann & Kreisberg v. Noto*, 94 F.R.D. 184, 187 (E.D.N.Y. 1982)).

 The Counterclaim in this case is clearly permissive.  The facts alleged in the original

complaint relate to defendant's wage payment and other reimbursement practices as to plaintiff

and a purported collective/class.  Specifically, the complaint details plaintiff's number of hours

worked—for which she was purportedly uncompensated—unreimbursed uniform laundering,

and unpaid spread of hours.  Thus, the complaint sets forth the representative wage and hour

dispute.  The Counterclaim, by contrast, is a simple breach of contract action wholly unrelated to

plaintiff's working conditions at Bestcare.  Instead, the cause of action stems from purported

violation of a confidentiality provision contained in a settlement agreement the parties reached in

an employment discrimination suit.  There is no basis to conclude that these claims are "so

logically connected that considerations of judicial economy and fairness dictate that all the

issues be resolved in one lawsuit."  *Cf. Jones*, 358 F.3d at 209-10.

 *Supplemental Jurisdiction*

 A permissive counterclaim that does not otherwise carry an independent basis for subject

matter jurisdiction, *i.e.* federal question or diversity, must meet § 1367's criteria for

supplemental jurisdiction.  *See Jones*, 358 F.3d at 210-14; *Anwar v. Stephens*, No. CV 15-4493

(JS)(GRB), 2016 WL 4468090, at *3 (E.D.N.Y. Aug. 3, 2016), *adopted by*, 2016 WL 4468239

(E.D.N.Y. Aug. 24, 2016); *Torres*, 628 F. Supp. 2d at 468.

Here, Bestcare's amended answer does not set forth the basis for subject matter jurisdiction. Clearly, diversity jurisdiction is not implicated as Bestcare seeks only $18,000 in relief, short of the $75,000 amount-in-controversy minimum. *See* 28 U.S.C. § 1332(a); Am. Answer ¶ 17. There also is no apparent federal question being asserted.[19]  *See* 28 U.S.C. § 1331. Therefore, the Court's power to hear this case must be supplied by § 1367.

The relevant standards under § 1367 have been expounded above and need not be reiterated at length here. In short, Bestcare must satisfy the Court that the Counterclaim and plaintiff's underlying claim arise from a "common nucleus of operative fact." *See Achtman*, 464 F.3d at 335. That is, "whether the facts underlying the federal and state claims substantially overlapped . . . or the federal claim necessarily brought the facts underlying the state claim before the court." *Id.*

In FLSA and NYLL cases, "[d]istrict courts in this circuit have held that the fact of an employment relationship 'does not establish a 'common nucleus of operative fact' where it is the sole fact' that connects the federal and nonfederal claims." *Thomas v. EONY LLC*, No. 13-CV-8512 (JPO), 2015 WL 1809085, at *5 (S.D.N.Y. 2015) (quoting *Torres*, 628 F. Supp. 2d at 468).

Such is the case here. Plaintiff's claims and the Counterclaim do not share a common nucleus of operative fact. Therefore, the Court lacks subject matter jurisdiction over the Counterclaim.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that plaintiff's motion

---

[19] Limited circumstances exist where a federal court may retain jurisdiction over an alleged breach of a settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). There is no evidence that any of those circumstances are present here.

to dismiss the Counterclaim be granted for lack of subject matter jurisdiction.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or Court of Appeals.**  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
      February 28, 2018


      /s/ Gary R. Brown
      GARY R. BROWN
      United States Magistrate Judge