```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DINORA ROMERO, on behalf of herself
and all others similarly situated,

                        Plaintiff,           MEMORANDUM & ORDER
                                             15-CV-7397(JS)(GRB)
            -against-

BESTCARE INC., BESTCARE MANAGEMENT,
INC., and LAWRENCE WIENER,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Neil Frank, Esq.
                    Anthony Vincent Merrill, Esq.
                    Patricia Lynne Boland, Esq.
                    Frank & Associates, P.C.
                    500 Bi-County Boulevard, Suite 465
                    Farmingdale, NY 11735

For Defendants:     Jonathan Paul Arfa, Esq.
                    Jonathan P. Arfa, P.C.
                    2 Westchester Park Drive
                    West Harrison, NY 10604
```

SEYBERT, District Judge:

Pending before the Court are: (1) Plaintiff Dinora Romero's ("Plaintiff") motion to amend her Complaint, (Docket Entry 37), (2) Plaintiff's motion to dismiss a counterclaim, (Docket Entry 38), and (3) Magistrate Judge Gary R. Brown's Order and Report and Recommendation ("Order and R&R") dated February 28, 2018, (Order and R&R, Docket Entry 50). Judge Brown granted Plaintiff's motion to amend in part, finding that Plaintiff should be permitted to add a retaliation claim under New York Labor Law and to add Rosa Padilla ("Padilla") as a plaintiff in this action.

(Order and R&R at 2, 13.) However, while Judge Brown found that Padilla's proposed state law claims were viable, he concluded that her proposed claim under the Fair Labor Standards Act was time-barred and as a result, recommends that the Court deny that portion of the motion to amend with leave to renew. (Order and R&R at 13.) Further, Judge Brown recommends that the Court grant Plaintiff's motion to dismiss the counterclaim based on a lack of subject matter jurisdiction. (Order and R&R at 23.) For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

2

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Brown's Order and R&R (Docket Entry 50) is ADOPTED in its entirety. Plaintiff's motion to amend (Docket Entry 37) is GRANTED IN PART and DENIED IN PART. Plaintiff is granted leave to file an Amended Complaint adding Padilla's proposed state law claims and Romero's proposed retaliation claim within fifteen (15) days of the date of this Memorandum and Order. The portion of Plaintiff's motion seeking to add a Fair Labor Standards Act claim on Padilla's behalf is denied with leave to renew should Plaintiff determine that the facts support equitable tolling of the statute of limitations. Additionally, Plaintiff's motion to dismiss (Docket Entry 38) is GRANTED, and Defendants' counterclaim is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  March   31  , 2018
        Central Islip, New York

3