

# Famighetti & Weinick PLLC

25 Melville Park Road, Suite 235
Melville, New York 11747
(631) 352-0050
pjf@fwlawpllc.com

March 23, 2020

**Via ECF**
Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:    *Romero and Padilla v. Bestcare, Inc., et. al.*
                Docket No.: 15 CV 7397 (JS) (SIL)

Dear Judge Seybert:

      This office represents the Plaintiffs, Dinora Romero and Rosa Padilla on behalf of themselves and all others similarly situated in the above referenced matter. I am pleased to report that the parties have agreed to resolve this action on mutually agreeable terms. As the case involves claims arising from the Fair Labor Standards Act ("FLSA"), the parties jointly submit this motion seeking the Court's approval of the settlement, which is attached hereto as Exhibit 1. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      As set forth below, the settlement should be approved because it fairly compensates the Plaintiffs and the collective/class members for alleged failure to *inter alia*, pay overtime wages, while acknowledging that there are cognizable defenses to the unpaid overtime wage claims asserted, and that there is a reasonable likelihood that Defendants' would be granted Summary Judgment, and if not granted Summary Judgment, cognizable damages likely would be *de minimis* for each Plaintiff and Class Member. Further, the proposed payment of a little more than 1/4 for attorneys' fees is widely accepted as reasonable in an FLSA action. The parties represent to the Court that, as a result of the mediated settlement, they believe that the Agreement is fair, as described herein.

### The Allegations and Defenses

      Plaintiffs were employed by Defendants to work as healthcare aides. Defendants employed Plaintiffs to provide services to the nuns of the Sisters of St. Dominic, Amityville, New York (the "Sisters of St. Dominic") who reside at the Queen of the Rosary Motherhouse (the "Motherhouse"). While Plaintiffs were compensated in accordance with applicable New York Department of Labor regulations (one and a half times the applicable statutory minimum

1

wage), Plaintiffs assert that they should have been compensated instead at one and one-half times their regular hourly rate for hours worked in excess of forty (40) each week. Named Plaintiff Dinora Romero, later joined by Named Plaintiff Rosa Padilla, brought this action alleging, among other claims, failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

Defendants claim that Plaintiffs were properly paid for their overtime hours worked because they were exempt under the FLSA "Companionship Exemption," 29 U.S.C. § 213(a)(15). 29 U.S.C. § 213(a)(15) exempts from overtime protection "any employee engaged in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves[.]" 29 C.F.R. § 552.3 defines "domestic service employment" as "services of a household nature performed by an employee in or about a private home (permanent or temporary)." As the applicability of this exemption turns on whether or not the Motherhouse is a "private home" within the meaning of federal regulations, and this issue is potentially dispositive, the Court authorized the parties to engage preliminarily in discovery related solely to the "private home" issue.

In sum, a *bona fide* dispute exists with respect to whether or not Defendants are exempt from paying overtime under the FLSA's "Companionship Exemption", and if not exempt, as to whether or not Plaintiffs were properly paid all overtime wages due. Plaintiffs' counsel and Defendants' counsel discussed these issues at length, in person, in a series of telephone calls and email exchanges and agree that in light of this *bona fide* dispute about the Companionship Exemption and the extent of damages, Plaintiffs and Defendants each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. Settlement would bring both sides certainty and a quick resolution, and so settlement would be in the best interests of all parties. Moreover, on December 19, 2019, a settlement conference was held before former Magistrate Judge Gary Brown[1]. With the help of Judge Brown, the parties were able to overcome various hurdles and eventually agreed to settle. In fact, by Electronic Order dated December 23, 2019, Judge Brown stated, "As the undersigned was involved in the settlement, the undersigned respectfully recommends that the Court approve the terms of the settlement set forth in [110] Letter. Ordered by Magistrate Judge Gary R. Brown on 12/23/2019."

As settlement of the claims, Plaintiffs have agreed to a maximum total sum of $50,000, an amount considered reasonable by the parties because of the dispute regarding the "Companionship Exemption", any potential damages to Romero, Padilla and the Class Members are *de minimums* and Romero and Padilla's desire to end the litigation. Plaintiffs have agreed that of the $50,000 in settlement funds, Romero and Padilla will receive $3,500 each as class representatives, $13,000 will be allocated for expenses and attorney's fees, and up to the remaining $30,000 would be allocated to pay the class members that agree to be part of the settlement ("Accepting Plaintiffs"). Each Accepting Plaintiff shall then be listed in one of the following 4 categories attributable to the aggregate number of overtime hours worked by such Accepting Plaintiff:

---

[1] On this same date, Judge Brown was confirmed by the United States Senate to becomes a United States District Judge

| Category | Overtime Hours Worked | Percent/Amount of $30,000 Settlement Pool To Be Allocated Among Accepting Plaintiffs in Each Category | Maximum Individual Payment |
|---|---|---|---|
| 1 | 1-250 hours worked | 10% ($3,000) | $175 |
| 2 | 250-500 hours worked | 15% ($4,500) | $350 |
| 3 | 500-750 hours worked | 25% ($7,500) | $500 |
| 4 | more than 750 hours worked | 50% ($15,000) | $750 |

Each Accepting Plaintiff in each Category will receive a pro rata share of the amount of the Settlement Pool allocated to the Category up to but not in excess of the category's maximum individual payment. In sum, the settlement amount compensates Plaintiffs for a fair amount of their potential damages. It provides Plaintiffs with a sum certain, instead of the questionable value of a paper judgment at some point in the future. Accordingly, the settlement pool of $50,000 is fair and reasonable.

## The Settlement is Fair and Reasonable

Actions brought under the FLSA cannot be settled absent court or Department of Labor approval. Cheeks, 796 F.3d at 206. Courts should approve FLSA settlements which are fair and reasonable. Delgado v. Tech. Institute of Amer., Inc., 2018 U.S. Dist. LEXIS 14839 (S.D.N.Y. Jan. 30, 2018). The fairness and reasonableness of a settlement should be presumed in a litigated FLSA case. Id. In further determining whether a settlement is fair and reasonable, courts should consider five factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. Mar. 30, 2015) (quotations omitted).

Here, the factors favor approving the settlement as proposed by the parties. The settlement amount compensates Romero and Padilla for most of their alleged damages, and compensates the Accepting Plaintiff's whose damages appear *de minimus*. The settlement accounts for the risk that Defendants are exempt from paying overtime via the companionship exemption, and the risk that Plaintiffs will not successfully prove entitlement to their full alleged damages. In other words, Plaintiffs may face serious litigation risks.

Additionally, a settlement now will allow Defendants to divert funds from lawyers' fees anticipated to greatly accumulate with expected summary judgment motions, appeals and trial, to paying Plaintiffs. Thus, this settlement avoids anticipated burdens and expenses.

The settlement was negotiated at arm's-length by experienced employment attorneys, as both Plaintiffs' counsel and Defense counsel routinely handle employment cases, including those brought under the FLSA. Additionally, settlement was reached during mediation with then Magistrate Judge Brown. Finally, there is no reason to suspect fraud or collusion and we represent to Your Honor that no such fraud or collusion has occurred here.

In sum, the settlement amount fairly and reasonably compensates Plaintiffs for their alleged losses while also accounting for the risks and burdens of continued litigation. Accordingly, we respectfully request that the Court approve the settlement.

**Attorneys' Fees Are Standard and Routinely Approved in the Manner Used Here**

"Contingency fees of one-third in FLSA cases are routinely approved in this circuit." Delgado, 2018 U.S. Dist. LEXIS 14839, at *7 (citing numerous cases); See also Alvarez v. Sterling Portfolio Inv., L.P., 2017 U.S. Dist. LEXIS 206043, *10 (E.D.N.Y. Dec. 13, 2017) (noting courts in the EDNY approve fees of 1/3 because such rate "strikes a balance" between excessive fees and providing attorneys an incentive to take on cases). While sometimes use of the "lodestar" method is appropriate to determine attorneys' fees and, indeed, the Second Circuit has guided District Courts to "crosscheck" attorneys' fees based on a percentage with a lodestar award, such is generally not the case in pre-trial FLSA settlements. Alvarez, 2017 U.S. Dist. LEXIS 206043, *15. Further, reimbursement of costs for filing fees and process server fees is considered reasonable. Wenping Wang v. Masago Neo Asian, Inc., 2016 U.S. Dist. LEXIS 2016 U.S. Dist. LEXIS 132997, *10 (E.D.N.Y. Sept. 26, 2016).

Here. Plaintiffs and their counsel agreed to attorneys' fees of 26% inclusive of costs of the amount recovered. Based on the settlement amount of $50,000, Plaintiff's counsel is requesting approval of $13,000, which is 26% of the settlement fund.

**Conclusion**

For the foregoing reasons, we respectfully request that the Court approve the parties' settlement.

Very Truly Yours,

*Peter J. Famighetti*
Peter J. Famighetti

cc: Jonathan P. Arfa, Esq.
    Attorney for Defendants

4